**Vikki M. Liles**
Arizona State Bar No. 012792
The Law Office of Vikki M. Liles, P.L.C.
45 West Jefferson, Suite 412
Phoenix, Arizona 85003
Telephone: 602-254-8861
Fax: 602-254-9310
LilesLaw@msn.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| United States of America, | Case No: CR-11-01715-PHX-NVW |
| Plaintiff, | **OBJECTIONS TO PRESENTENCE REPORT AND SENTENCING MEMORANDUM IN SUPPORT OF DOWNWARD DEPARTURE OR VARIANCE** |
| vs. | |
| Jonathan Arellano, | |
| Defendant | |

Defendant Jonathan Arellano, by and through undersigned counsel, by and through undersigned counsel, submits his objections to the presentence report and his sentencing memorandum for the court's consideration.

The plea agreement in this case does not specify the sentence which must be imposed by the court. Rather, the court must impose a sentence "sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C § 3553(a).

-1-

Mr. Arellano asks the court to accept the plea agreement and the stipulations contained therein, and sentence him to 33 months, the low end of Offense Level 19 at Criminal History Category II. He further asks the court to order that the sentence imposed be served concurrently to the un-discharged sentence of imprisonment which he is currently serving in the Arizona Department of Corrections for an offense that occurred after the dates of the charges in this case, but before the date of the indictment. Given his young age, his acceptance of responsibility and the circumstances of the offenses in this case, accepting the plea and sentencing him in accordance with the stipulations in the plea will be sufficient, but not greater than necessary, to fulfill the purpose of sentencing in this case.

**I. FACTS**

On August 31, 2011, an indictment was filed that charged Mr. Arellano and twenty others with offenses related to a conspiracy to buy guns in the United States and export them to Mexico. Mr. Arellano was specifically charged with buying a total of thirty guns on five separate occasions between August 25 and October 6, 2010.

On December 2, 2010, Mr. Arellano was arrested and subsequently charged in Maricopa County Superior Court Cause Number CR 2010-163461. He pled guilty in that case on June 3, 2011, and was sentenced to 3.5 years in the Arizona Department of Corrections on September 16, 2011, with 287 days credit.

Mr. Arellano was brought before this court on the instant indictment for arraignment on October 12, 2011. He pled guilty to one count of Conspiracy to Make False Statements in Connection with the Acquisition of Firearms and one count of False

Statements in Connection With the Acquisition of Firearms, both Class D felonies, on May 4, 2012. The plea agreement contains stipulations that the adjustments in U.S.S.G. §§ 2K2.1(b)(1)(C) (25 to 99 firearms) and 2K2.1(b)(5) (trafficking in firearms) apply and that the sentence shall not exceed the low end of the Guideline range.

Notwithstanding these agreements, the Presentence Report ("PSR") in this case recommends that the court reject the plea agreement and sentence Mr. Arellano to 46 months in prison, the high end of Criminal History Level III for Offense Level 19, and that the sentence be served consecutively to the sentence Mr. Arellano is currently serving in the Arizona Department of Corrections.

## II. OBJECTIONS TO THE PRESENTENCE REPORT.

Mr. Arellano does not object to the final offense level as calculated in the PSR. He does, however, object to the claim, in the discussion of his state court conviction on page 14 of the PSR that he was charged with "misconduct by a juror."

Counsel can find no record that Mr. Arellano was so charged in connection with that or any other case. Indeed, the elements of the offense under Arizona law require that the accused took certain actions while serving as a juror. Ariz. Rev. Stat. § 13-2808. Upon information and belief, Mr. Arellano has never been a juror.

## III.   THE COURT SHOULD ACCEPT THE PLEA AGREEMENT.

The PSR recommends that the court reject the plea agreement in order to sentence Mr. Arellano to a greater prison term that would be permitted under the terms and stipulations of the plea. This recommendation is made, apparently, despite the right of Mr. Arellano

to withdraw from the plea agreement under U.S.S.G. §6B1.3(b) and Rule 11(c)(5) of the Federal Rules of Criminal Procedure.

This result would not be in the interests of justice, because, as will be discussed, below, the recommendation is based on an over-emphasis on Mr. Arellano's juvenile record, an under-emphasis on the circumstances of his family and certain facts of the instant offenses which have not been incorporated into the PSR.

### IV. THE SENTENCE RECOMMENDED BY THE PRESENTENCE REPORT DOES NOT CONSIDER ALL THE FACTS AND CIRCUMSTANCES NECESSARY TO DETERMINE THE APPROPRIATE SENTENCE IN THIS CASE.

The PSR recommends a sentence of 46 months in prison, the high end of the guideline for level 19.  PSR at 20.  The PSR further finds no information concerning the offense or Mr. Arellano that would warrant a departure from the advisory sentencing guidelines.  *Id.* at 20.  Mr. Arellano submits that the recommendation of the PSR does not sufficiently account for the factors in 18 U.S.C. § 3553(a), and the sentence imposed should be governed by those factors.

**a. The PSR does not consider the requirements of 18 U.S.C. § 3553(a).**

The PSR follows by rote the sentencing guidelines as promulgated by the United States Sentencing Commission.  It errs by not considering the factors necessary to determine a just sentence that is sufficient, but not greater than necessary.  The factors a trial court must consider when imposing a sentence for a violation of federal law are set forth in 18 U.S.C. § 3553(a).  These factors include the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).  The

court must consider the need for the sentence imposed and whether it will reflect the seriousness of the offense and provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with any needed training or treatment. 18 U.S.C. § 3553(2). The court must also consider the kinds of sentences available, the sentencing range for the offense committed as established by the United States Sentencing Commission, any pertinent policy statement of the Sentencing Commission, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(3) – (7).

In applying these factors, courts have recognized that the sentencing guidelines and the statutory requirements contradict each other. *See, e.g., United States v. Meyers*, 353 F.Supp.2d 1026 (S.D. Iowa 2005); *United States v. Ranum*, 353 F.Supp. 2d 987 (E.D. Wisc. 2005). For example, § 3553(a)(1) requires the court to consider the "history and characteristics of the defendant." The guidelines, however, generally forbid the court to consider the defendant's age (U.S.S.G. § 5H1.1), education and vocational skills (U.S.S.G. § 5H1.2), mental and emotional condition (U.S.S.G. § 5H1.3), physical condition (U.S.S.G. § 5H1.4), employment record (U.S.S.G. § 5H1.5), family ties and responsibilities (U.S.S.G. § 5H1.6), and socio-economic status (U.S.S.G. § 5H1.10). The prohibition of these factors under the guidelines cannot be reconciled with the requirement that the court evaluate the "history and characteristics" of the defendant.

The plain language of § 3553(a) requires a judge to impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing after considering the individual case, of which the guidelines are but one factor. *See United States v. Booker*, 543 U.S. 220, 259-60 (2007). The statute not only does not give special weight to the guidelines, but rather makes them subordinate to the overarching mandate to impose a sentence minimally sufficient to satisfy the purposes of sentencing. *See United States v. Foreman*, 436 F.3d 638, 643-44 (6th Cir. 2006) (district court must follow the "statutory mandate to 'impose a sentence sufficient, but not greater than necessary,' to comply with the purposes of sentencing in § 3553(a)(2).")

Here, the PSR presumes that the guidelines control the sentence to be imposed, and does not give any consideration to the requirements of § 3553(a). Mr. Arellano submits that this omission renders the recommendation of limited value to the determination of what the appropriate sentence should be.

**b.   The guidelines no longer control federal sentencing.**

The approach presented in the PSR renders the guideline calculations presumptively valid and the recommended sentence presumptively proper. This is contrary to the holding in *Booker*, which transformed the guidelines from mandatory to advisory. 543 U.S. at 245. The Supreme Court now requires sentencing courts to treat the guideline range as only one factor to consider under § 3553(a). *Id.*

Since *Booker*, the sentencing court cannot presume that a guidelines sentencing should apply. *Rita v. United States*, 551 U.S. 338, 351 (2007) (district court may conclude that the guideline sentence fails to reflect § 3553(a) considerations or that a

different sentence is appropriate "regardless" of the guidelines.)  District courts should consider all of the factors in § 3553(a) in determining the appropriate sentence, and may not presume that the guideline range is reasonable.  *Gall v. United States*, 552 U.S. 38, 38-39 (2007).  Rather, courts must make an individualized assessment based on the facts presented.  *Id.*

## V. THE APPROPRIATE SENTENCE IN THIS CASE

Based upon the proper legal standard and the facts and circumstances present in this case, Mr. Arellano submits that the appropriate sentence in this case a sentence of 33 months in prison, which is the low end of Level 19 and Criminal History Category II, and a term of supervised release following the prison term.  This sentence will be sufficient, but not greater than necessary, to satisfy the purposes of sentencing, for the following reasons:

### a. Nature and circumstances of the offense.

Mr. Arellano concedes that he should not have been talked into buying a single gun, let alone thirty on five separate occasions.  He did not, however, realize the extent of the intent of those who were supplying the money for the buys until the end of his involvement in the conspiracy.  His only motive was to earn the money offered for his then-clean record.

On June 23, 2011, Mr. Arellano was interviewed by federal agents.  He admitted he purchased the guns after being recruited by co-defendant Guadalupe Cisneros, a childhood friend.  Mr. Arellano told the agents that he refused to buy any more guns once he met co-defendant Jesus Humberto Lopez-Estrada and became aware that the purchases were part of a larger scheme.  He expressed fear of Lopez-Estrada, and effectively withdrew from the conspiracy after his last purchase on October 6, 2010.

**b.  History and characteristics of the defendant.**

This case represents Mr. Arellano's first federal conviction.  He is currently serving a sentence on his first felony conviction in state court.  The date of that offense occurred after the purchases of the guns, but before the indictment in this case.

His prior brushes with the law consist of juvenile misdemeanors.  Rather than justifying a harsher sentence, these infractions should only underscore the true nature of the issues he faced as a teen-ager, such as his father's criminal activities and deportations. The fact that he was involved in a gang at the age of 12 is not, as the PSR would suggest aggravating, but is, rather, evidence of serious difficulties in the home that both he and his mother have not fully addressed.  It is counsel's experience, after conducting more than two dozen capital mitigation investigations, that families and clients not only do not admit the strife and struggles that lead to criminal behavior, they frequently are not actually aware of the existence of the precipitating factors.  In Mr. Arellano's family, the absence of his father coincides almost too neatly with his substance abuse, difficulties with his mother and juvenile misbehavior.  These are not aggravating circumstances for his juvenile record, but explanations for it.

The PSR suggests that a sentence of 46 months would "adequately reflect the history and characteristics of this defendant."  PSR at 21.  The flaw in this logic is that the PSR places a greater emphasis on Mr. Arellano's juvenile record than is warranted.

Three of the criminal history points counted against Mr. Arellano are for three juvenile misdemeanors when he was 16 and 17 years old.  They involve a beer run, a possession of marijuana and an "escape," perpetrated when Mr. Arellano removed a monitoring ankle device.

The PSR overstates the seriousness of these juvenile misdemeanors in order to justify rejection of the plea agreement and a higher sentence.  The court need not accept

this characterization, for where a criminal history more closely resembles that of a lower category, the court may appropriately use the lower guideline range. *U.S. v. Brown*, 729 F.Supp. 1120, 1123 (E.D. Va. 1989), *citing* U.S.S.G. §4A1.3 (Policy Statement).

Here, the misdemeanors create criminal history points only because they occurred within five years of the instant offenses. *See* U.S.S.G § 4A1.2(d)(2)(B). The recommendation of the PSR would not permit the court to consider Mr. Arellano's age either at the time of the juvenile adjudications or for the instant offenses and the fact that he was not prosecuted as an adult for any of the misdemeanors. Such cannot result in a sentence that is reasonable and no greater than is necessary.

Mr. Arellano is extremely remorseful for allowing himself to become involved in the offense. His comments included in the PSR are true, oft-expressed and heartfelt.

### c. The need for the sentence imposed.

In determining the need for a particular sentence, the court must consider whether the sentence will reflect the seriousness of the offense and provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with any needed training or treatment. 18 U.S.C. § 3553(2). In this case, the proposed sentence will meet all of these goals as well or better than a lengthy prison term.

The proposed sentence will reflect Mr. Arellano's true role in the conspiracy, reflecting both the seriousness of the offense and providing a just punishment for his role. The PSR accurately portrays his role as nothing more than a tool used by the true leaders of the conspiracy, who planned the extent of the scheme to export guns to Mexico, and directed the others in carrying out their plans.

The incarceration already served has already provided both deterrence and the protection of the public. The loss of liberty for the past two years has had a profound

1 impact on Mr. Arellano, and alone will guarantee that he will think more than twice
2 before committing another crime.

### d. The kinds of sentences available.

As previously discussed, the plea agreement in this case and the holding in *Booker* permits the court consider the full range of sentencing options authorized by the law. The statute under which Mr. Arellano pled does not require mandatory incarceration, although the offense level and criminal history category do make him not eligible for probation.

Mr. Arellano is not asking the court for probation, but for a sentence that accurately reflects his role and his history. A sentence of 33 months, followed by a term of supervised release, is a sentence available to the court.

Mr. Arellano also asks that the sentence imposed in this case be served concurrently with the sentence he is currently serving in the Arizona Department of Corrections. When a defendant is serving an undischarged term of imprisonment at the time of sentencing, the court has the discretion to determine whether the sentence should be concurrent, partially concurrent or consecutive in order to achieve a reasonable punishment for the instant offense. U.S.S.G § 5G1.3(c). In exercising this discretion, the Application Note instructs the sentencing court to consider the factors laid out in 18 U.S.C. § 3553(a). *Id.* at cmt. n. 3(A). *See also* 18 U.S.C. § 3584.

Here, the state offense for which Mr. Arellano has been sentenced occurred on October 8, 2010, after the last purchase of guns and before this indictment. He was arrested on the state offense on December 2, 2010, and has been in custody continuously since that time. Because of his young age and the requirement for him to serve a term of supervised release after he is released from the Bureau of Prisons, concurrent sentences will serve the goal of reasonable punishment and protection of the public.

**e. The sentencing range and policy statement established by the United States Sentencing Commission.**

As previously discussed, the sentencing range and policy statements of the Sentencing Commission are but one factor to be considered when crafting an appropriate sentence. Mr. Arellano submits that the other factors of § 3553(a) render the guideline range and policies of minimal value in determining the appropriate sentence in this case.

**f. The need to avoid unwarranted sentencing disparities.**

Mr. Arellano's proposed sentence will not create an unwarranted disparity amongst the others involved in the conspiracy. His role was at the bottom rung of the conspiracy.

**g. The need to provide restitution to any victims of the offense.**

The PSR accurately states that there are no victims; hence, there is no restitution owed to anyone by Mr. Arellano.

**VI. CONCLUSION**

Mr. Arellano asks the court to sentence him to 33 months, the low end of Offense Level 19 at Criminal History Category II, concurrent to the sentence in the Arizona Department of Corrections which he is already serving, followed a term of supervised release. Given the circumstances discussed in this memorandum, such a sentence is sufficient, but not greater than necessary, to fulfill the purpose of sentencing in this case.

Respectfully submitted this 3rd day of December, 2012.

BY: */s/ Vikki M. Liles*
    VIKKI M. LILES
    Attorney for Defendant Jonathan Arellano

I hereby certify that on December 3, 2012, I filed the original with the Clerk of the Court using the CM/ECF System for filing transmittal of a Notice of Electronic Filing to the following ECF registrants:

Email to chambers with copy and proposed order to:

The Honorable Neil V. Wake
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 524
401 West Washington Street, SPC 52
Phoenix, AZ  85003

By email:

Joseph Koehler
Assistant United States Attorney
joe.koehler@usdoj.gov

Claudette Thomas
U.S. Probation Officer


*/s/ Vikki M. Liles*
Vikki M. Liles